NO. 7962.          STATE OF LOUISIANA.

PARETI BROTHERS        COURT OF APPEAL

     VS

CONTINENTAL PAPER BAG CO.   PARISH OF ORLEANS.

OPINION.

St. Paul, Judge.

This is a claim for the price of 260 boxes of assorted fruit, alleged to have been sold and shipped to defendant; say $858.

The fruit was ordered by defendant's local agent on the telegraphic request of one Thomas Fynes, who was an assistant treasurer in defendant's employ; which request mentioned that the fruit was intended for distribution among defendant's employees; and we conclude from the evidence that the sale was made solely upon the credit of the defendant. For there is not the least reason to believe that plaintiffs meant to credit the aforesaid Thomas Fynes individually, whose ~~############~~ financial responsibility was wholly unknown to him, and of whom the local agent says, " Knowing Tom as well as I do, I don't believe he would give away personally 200 boxes of oranges." p. 21.

Nor do we find anything in the contention that, when a misunderstanding developed about prices, the order was countermanded. The instructions to cancel the order reached here about 8 o'clock at night; too late to stop the shipment which went forward by vessel early next morning, notwithstanding plaintiff's efforts to stop it.

But we are unable to discover in the record any authoriti*es*, express or implied, on the part of the local agent, or of Fynes, to make this purchase for account of the defendant. Neither of these two officials had any actual authority to make such a purchase; neither had ever made any purchases for the defendant on any previous occasion; and the defendant was engaged in the business of selling paper bags, not of purchasing fruit.

The defendant refused to accept the shipment when tendered, and repudiated the transaction in toto. See Gair vs Packing Co 124 La 193. also 106 La 568.

Under the circumstances the plaintiff must look for payment to Fynes, who ordered the goods without authority to do so.

The judgment appealed from is therefore reversed, and it is now ordered that plaintiff's demand be rejected at their costs in both courts.